**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JERRI THORNLEY** | : | **CASE NO.  2:22-CV-03871** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE &** | | |
| **CASUALTY CO ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## <u>MEMORANDUM ORDER</u>

Before the court is a Motion to Intervene [doc. 52] filed by the Sangisetty Law Firm, LLC (the "Sangisetty Firm"), a non-party to this matter.  The motion is unopposed.  For the reasons that follow, the motion is **GRANTED**.

### I.
#### BACKGROUND

The Sangisetty Firm previously served as plaintiff's counsel of record in this matter, having moved to enroll on October 2, 2023.  Docs. 20–21.   Nearly two years later, the firm moved to withdraw from representation of plaintiff at plaintiff's direction.  Doc. 40.  Thereafter, new counsel enrolled for Ms. Thornley.  Docs. 45–46.  The Sangisetty Firm seeks to intervene so that it can protect its interest in the work performed in this matter prior to its withdrawal.

### II.
#### LAW AND DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure governs intervention.   It provides for two types of intervention: intervention of right and permissive intervention.  The Sangisetty Firm does not indicate whether it considers itself an intervenor of right.  The provision governing intervention of right requires the court to grant a timely motion to intervene by anyone who:

(1) is given an unconditional right to intervene by a federal statute; or

1

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  As a party asserting intervention as of right, the Sangisetty Firm must satisfy four requirements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir.1994).  As movant, the Sangisetty Firm bears the burden of establishing these elements, but the court is to construe Rule 24 liberally. *Id.* "Failure to satisfy any one requirement precludes intervention of right." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

The Sangisetty Firm filed the motion to intervene approximately two months after new counsel enrolled.  [docs. 46, 52]. This satisfies the first prong requiring timely intervention.  *See St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019) (noting that in two foundational cases, attorneys were allowed to intervene when their motions came within a year of being discharged).

The remaining prongs require that the Sangisetty Firm must have a direct interest in the action that will go unprotected if the firm is not allowed to intervene.  Defining the interest it seeks to protect, the Sangisetty Firm states that it "has performed significant work and incurred expenses on behalf of Jerri Thornley" in this matter.  Doc. 52.  Left unsaid is whether or not the Sangisetty Firm has been compensated for this work.  The fact of the motion suggests that the Sangisetty Firm was retained on a contingency fee contract and has not been compensated for two years of litigation work.

The United States Fifth Circuit Court of Appeals has held that an attorney retained via contingency fee contract who is fired and replaced by new counsel after performing significant work has an interest in the litigation sufficient to justify intervention of right. *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986). Although the Sangisetty Firm does not allege that it entered into a contingency fee contract here, considering that the motion is unopposed, the court finds the motion sufficiently describes an interest in the lawsuit to justify intervention of right under the rule of *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986).

Having found that the Sangisetty Firm may intervene as of right, it is not necessary to address permissive intervention.

**III.**
**CONCLUSION**

For the reasons stated, the Motion to Intervene [doc. 52] filed by the Sangisetty Law Firm, LLC is **GRANTED**.

**SO ORDERED** at Lake Charles, Louisiana, this 30th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

3